THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **WILLIAM DRAKE** 5883 Township Road 106 Mount Gilead, Ohio 43338 | : : : : | |
| Plaintiff, | : : | CASE NO. 2:22-cv-1813 |
| v. | : : | JUDGE |
| | : | MAGISTRATE JUDGE |
| **CITY OF MARION, OHIO** 233 West Center St. Marion, Ohio 43302 | : : : : | **Jury Demand Endorsed Herein** |
| Defendant. | : : | |

## COMPLAINT

NOW COMES Plaintiff William Drake ("Plaintiff") and proffers this Complaint for damages against Defendant City of Marion, Ohio. ("Defendant").

## THE PARTIES

1. Plaintiff is a natural person residing in Morrow County, Ohio.

2. Defendant City of Marion, Ohio, is a local municipality conducting significant business in the Southern District of Ohio.

3. At all relevant times, Plaintiff was an employee as that term is defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq*. ("ADA"), by O.R.C. Chapter 4112, and by the Family Medical Leave Act, 29 U.S.C. § 2611(2).

1

4. Defendant is an "employer" as defined by the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), by O.R.C. Chapter 4112, and by 29 U.S.C. § 2611(4)(A).

## JURISDICTION AND VENUE

5. All counts contained herein are brought pursuant to the laws of the United States, therefore this Court has jurisdiction pursuant to 28 U.S.C. §1331.

6. This action is brought pursuant to the Americans with Disabilities Act of 1990 as amended, 42 U.S.C. §12101, *et seq.* ("ADA"), the Ohio Laws of Discrimination, R.C. Chapter 4112 ("Chapter 4112"), the Family Medical Leave Act, 29 U.S.C. § 2611(2) and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction.

7. Venue is proper pursuant to 28 U.S.C. §1391, due to the fact that the Plaintiff is a resident of Morrow County, located in the Southern District of Ohio.

8. Plaintiff has complied with all jurisdictional prerequisites to the filing of this lawsuit and this Complaint is filed within ninety (90) days of Plaintiff's receipt of his Right to Sue letter from the Equal Employment Opportunity Commission, a copy of which is attached hereto as "Exhibit A".

## FACTUAL BACKGROUND

9. Plaintiff was hired by Defendant on or about December 10, 2018.

10. Plaintiff worked as a floating operator for Defendant's sanitation department.

11. Plaintiff's primary job duties included covering vacancies for Defendant's employees who took time off work for various reasons including vacation, sick leave, medical leave, or light duty work. Plaintiff would temporarily fill in for those employees and perform their job duties while they were out, as an accommodation to the employees.

12. Plaintiff's job duties included, but were not limited to, manually lifting 75+ pounds for purposes of trash removal. He worked full time as a floating operator.

13. Plaintiff broke his collarbone in an incident occurring outside of work on July 3, 2021. He had surgery as soon as his surgeon was able to schedule him, on or about July 13, 2021.

14. At all relevant times herein, Plaintiff was disabled because his broken collarbone substantially limits one or more major life activities, including working, performing manual tasks, and caring for himself.

15. At all relevant times herein, Plaintiff could perform the essential functions of his position with or without a reasonable accommodation.

16. Due to his serious medical condition, Plaintiff took 12 weeks of job-protected medical leave under the Family and Medical Leave Act ("FMLA") beginning on July 3, 2021.

17. Defendant initially reached out to Plaintiff one month after his surgery and asked him to return to work while he was on job-protected medical leave and clearly not yet released to work.

18. At the time of his termination, Plaintiff's return-to-work date was set for October 15, 2021.

19. On or about September 27, 2021, Defendant reached out to Plaintiff to inform him he was out of FMLA leave, and it requested he return to work.

20. Plaintiff had not been released to return to full duty work by his physician, so he requested an accommodation to return to work on light duty temporarily.

21. Defendant did not provide him with any light duty options for him to return to work early, even though Defendant offered other employees light duty options.

22. Defendant told Plaintiff it did not have any light duty accommodations to provide to him at all, and Defendant terminated Plaintiff without exploring any other options.

23. Amy O'Connor, Defendant's Human Resource representative, terminated Plaintiff on October 5, 2021 via voicemail, claiming that Defendant could not offer any light duty alternatives to Plaintiff.

24. Ms. O'Connor's assertion that Defendant did not have any light duty options for Plaintiff is false.

25. Plaintiff's primary function included filling in for other city employees who were placed on light duty and could not perform their regular sanitation duties.

26. The benefit of a light duty accommodation was available to other city employees, and should have been offered to Plaintiff.

27. Other city employees on light duty are able to perform job duties such as answering phones in the office or driving city trucks without performing manual labor.

28. On October 5, 2021 Defendant terminated Plaintiff because his FMLA leave had been exhausted and Defendant refused to provide any reasonable accommodations for medical leave.

29. Defendant terminated Plaintiff ten days (10) before he was scheduled to return to work, without providing any explanation as to why holding his position open for one to two more weeks would cause an undue hardship to Defendant.

30. Based on Defendant's persistent requests for Plaintiff to return to work from FMLA leave early, a causal connection can be drawn between Plaintiff's need for additional medical leave and his termination.

31. Plaintiff was entitled to his full 12 weeks of FMLA leave, and Defendant asked him to return to work before the end of those 12 weeks knowing that he was still healing from a major surgery.

32. When Plaintiff could not return to work at the end of his FMLA leave and requested an additional 1-2 weeks of medical leave as a reasonable accommodation, Defendant retaliated against him and terminated him.

33. Defendant was aware that Plaintiff could return to work on or about October 15, 2021 because his physician provided documentation requesting to return Plaintiff to work on that date.

34. Defendant terminated Plaintiff despite knowing his return-to-work date was approaching.

35. Defendant failed to accommodate Plaintiff's request for reasonable accommodations by refusing to allow him to take any additional medical leave, and by failing to notify Plaintiff that his request for a reasonable accommodation was an undue burden on Defendant.

36. Defendant failed to accommodate Plaintiff's request for a reasonable accommodation by refusing to offer light-duty work and refusing to engage in the

5

interactive process to determine whether any other reasonable accommodations were available.

37. Defendant retaliated against Plaintiff based on his disability by terminating him instead of granting his requests for reasonable accommodations.

38. Defendant allegedly terminated Plaintiff because it had no light duty work to provide him, but Plaintiff's regular job duties depend on the existence of light duty options for other employees.

39. Defendant discriminated against Plaintiff due to his serious medical condition by refusing to offer him the same benefits available to other employees.

40. Defendant retaliated against Plaintiff for exercising his rights under the FMLA leave by refusing to offer him the same benefits available to other employees.

41. Defendant terminated Plaintiff because of his disability, and in retaliation for requesting a reasonable accommodation.

42. Defendant also terminated Plaintiff because of his use of FMLA leave.

43. The proffered reasons for Plaintiff's termination are untrue and pretextual.

## COUNT I
### Disability Discrimination – R.C. §4112.02

44. At all times material herein, Plaintiff suffered from an impairment within the meaning of Section 4112.01(A)(16) of the Ohio Revised Code.

45. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01(A)(13) of the Ohio Revised Code.

46. Defendant knew Plaintiff was disabled and/or regarded him as disabled.

47. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability because he discussed his disability with Defendant and requested an accommodation for his disability in the form of FMLA leave.

48. Plaintiff requested additional accommodations in the form of medical leave when his FMLA expired. Plaintiff needed approximately two additional weeks off to be cleared to return to full duty work, and he provided Defendant with a note from his physician.

49. Defendant refused to grant Plaintiff additional time off work, despite knowing his return-to-work date was approaching.

50. Defendant refused to provide Plaintiff with any light duty work.

51. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: refusing to grant his requests for reasonable accommodations, terminating his employment because of his medical condition, retaliating against him for taking medical leave, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

52. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

53. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT II
**Disability Discrimination – Americans with Disabilities Act**

54. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

55. This claim is brought under federal law, pursuant to 42 U.S.C. § 12101, *et seq.*, and as defined in 42 U.S.C. § 12101.

56. Plaintiff is an otherwise qualified individual with a disability.

57. Defendant knew or had reason to know Plaintiff suffered from a disability, and/or regarded him as disabled.

58. Defendant was aware of the difficulties suffered by Plaintiff as a result of his disability.

59. Defendant discriminated against Plaintiff because of his disability by taking the following non-exhaustive list of actions: refusing to grant his requests for reasonable accommodations, terminating his employment because of his medical condition, retaliating against him for taking medical leave, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

60. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to serious emotional distress and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

61. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT III
### Retaliation – R.C. §4112.02

62. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

63. Plaintiff engaged in a protected activity by requesting medical leave as a reasonable accommodation for his disability and requesting light duty work and additional time off work for his disability between his FMLA expiration date and his return-to-work date.

64. Defendant knew Plaintiff engaged in a protected activity because Plaintiff applied for FMLA to accommodate his disability in July 2021, and he requested to return to work under light duty restrictions on or about September 27, 2021.

65. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing him reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

66. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

67. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT IV

**Retaliation – Americans with Disabilities Act**

68. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

69. Plaintiff engaged in a protected activity by requesting medical leave as a reasonable accommodation for his disability and requesting light duty work and additional time off work for his disability between his FMLA expiration date and his return-to-work date.

70. Defendant knew Plaintiff engaged in a protected activity.

71. Once Plaintiff engaged in the aforementioned protected activity, Defendant purposefully retaliated against Plaintiff by taking the following non-exhaustive list of actions: terminating his employment, retaliating against him, refusing him reasonable accommodations, and/or by otherwise discriminating against him in the terms, privileges and conditions of employment.

72. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

73. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

**COUNT V**
**Failure to Accommodate – Americans with Disabilities Act**

74. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

75. At all times material herein, Plaintiff was disabled, or regarded as being disabled, as defined in 42 U.S.C. §12102.

76. Defendant knew or had reason to know that Plaintiff suffered from a disability, and/or regarded him as disabled.

77. Plaintiff was an otherwise qualified individual with a disability.

78. Plaintiff requested a reasonable accommodation for his disability when he requested FMLA leave in July 2021, medical leave in September 2021, and light duty work in September 2021.

79. Plaintiff's FMLA leave expired in September 2021, and on or about September 27, Plaintiff requested to return to work doing light duty or to have additional time off for his disability until he could return to work on or about October 15, 2021.

80. Defendant refused to accommodate Plaintiff's light duty request, refused to allow Plaintiff additional medical leave, and refused to engage in the interactive process to determine whether a reasonable accommodation was available.

81. As such, Defendant failed to accommodate Plaintiff by failing to provide him with light duty work, failing to provide him with additional leave, and by terminating him without exploring any other options.

82. Such reasonable accommodations were possible for Defendant to provide.

83. Defendant violated the ADA by failing to accommodate Plaintiff's disability, by terminating Plaintiff for issues related to his disability, and by terminating Plaintiff within days of requesting a reasonable accommodation.

84. As a direct and proximate result of Defendant's conduct, Plaintiff has

suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

85. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

## COUNT VI
### Failure to Accommodate – R.C. §4112.02

86. Plaintiff reasserts and reincorporates all allegations in the paragraphs above as if fully rewritten herein.

87. At all times herein, Plaintiff suffered from an impairment within the meaning of R.C. §4112.01.

88. At all times material herein, Plaintiff was a qualified individual with a disability within the meaning of R.C. §4112.01

89. Defendant knew or had reason to know Plaintiff suffered from a disability and/or regarded him as disabled.

90. Plaintiff requested a reasonable accommodation for his disability when he requested FMLA leave in July 2021, medical leave in September 2021, and light duty work in September 2021.

91. Such reasonable accommodations were possible for Defendant to provide.

92. Defendant refused to accommodate Plaintiff's light duty request, refused to allow Plaintiff additional medical leave, and refused to engage in the interactive process to determine whether a reasonable accommodation was available.

93. Defendant violated R.C. §4112.02 by failing to accommodate

Plaintiff's disability, by terminating Plaintiff for issues related to his disability, and by terminating Plaintiff within days of requesting a reasonable accommodation, and by failing to engage in a good faith interactive process to determine an objectively reasonable accommodation for Plaintiff's disability.

94. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer economic and non-economic damages, including but not limited to pain and suffering, and the loss of salary, benefits and other terms, privileges and conditions of employment for which Defendant is liable.

95. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for compensatory damages, punitive damages and reasonable attorney's fees and costs.

### COUNT VII
### Retaliation/Discrimination – Violation of the Family Medical Leave Act

96. Plaintiff reasserts and reincorporates each and every allegation contained in the paragraphs above as if fully rewritten here.

97. Plaintiff engaged in protected activity, as he applied for and was approved for FMLA leave in 2021. Plaintiff applied for FMLA on July 3, 2021, so Defendant was clearly aware that Plaintiff engaged in protected activity.

98. Plaintiff suffered an adverse employment action when Defendant terminated him one week after his FMLA leave expired.

99. Defendant terminated Plaintiff because he utilized FMLA leave.

100. Defendant lacked good faith and/or reasonable grounds to believe it had not violated the FMLA in its discharge of Plaintiff.

101. Defendant's violations of the Family and Medical Leave Act entitles

Plaintiff, pursuant to 29 U.S.C. § 2617(a), to monetary damages which include back pay and benefits, statutory liquidated damages, and attorneys' fees and costs of bringing this litigation, in an amount to be determined at trial.

WHEREFORE, Plaintiff demands:

For all Counts, monetary damages including back pay and benefits, statutory liquidated damages, expert witness fees and attorneys' fees and costs, and front pay, compensatory damages and punitive damages in an amount to be determined at trial, but in any event not less than $75,000.00 and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ *Jamie R. Bailey*
Jamie R. Bailey (0099789)
*Jamie@TFFLegal.com*
Peter G. Friedmann (0089293)
*Pete@TFFLegal.com*
**The Friedmann Firm LLC**
3740 Ridge Mill Dr.
Hilliard, OH 43026
614-639-6477 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ *Jamie R. Bailey*
Jamie R. Bailey (0099789)